No. 24168.

JAMES A. HILLER *v.* THE PEOPLE OF THE STATE OF COLORADO.
(489 P.2d 307)

Decided October 12, 1971.

EMMERT and DOYLE, DAVID B. EMMERT, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, AUREL M. KELLY, Assistant, for defendant in error.

*In Department.*

Opinion by WILLIAM B. NAUGLE, District Judge.*

IN July 1966, plaintiff in error, hereinafter referred to as defendant, purchased an automobile from the Weld County Garage, Inc., hereinafter referred to as seller, in Greeley. He executed an installment note secured by a chattel mortgage on the automobile. At that time, he paid the equivalent of the first four months' installments. According to the terms of the mortgage, the automobile could not be removed from Weld County without the mortgagee's consent. Due to defendant's business need to travel extensively both in Colorado and in other states, however, the seller interpreted the clause to mean that the base of operation of the mortgaged automobile could not be changed from Weld County without the mortgagee's consent. In this regard, it should be noted that throughout the two-year period that the defendant possessed the automobile, he licensed it using the address of an acquaintance in Greeley.

In the fall of 1966, the defendant experienced business difficulties and moved from Greeley to Denver. The defendant testified that he notified the Greeley Post Office of his new address and, although some mail was forwarded from Greeley, there was evidence that mail from the seller may not have reached the defendant. In this regard, there was also evidence that the seller had an incorrect street address for the defendant in Denver. In any event, the note became deliquent in November 1966, and notice was sent to defendant at his Greeley address. Similar notices were sent in December 1966, January, February, March and May 1967. The defendant sent a $157 check to the seller in July 1967 which was subsequently returned marked "insufficient funds." The automobile was repossessed in June 1967, and defendant was subsequently convicted of the crime of larceny of property. He seeks reversal of that judgment of conviction.

 C.R.S. 1963, 40-5-2(3) (repealed 1967), under which defendant was convicted, makes it a crime to "* * * take, drive * * * away * * * or otherwise dispose of, any mortgaged property, contrary to the provisions of the mortgage, and with intent to deprive the mortgagee of his property * * * *"

Defendant certainly did "drive" the automobile, as all mortgagors of vehicles do, and which all mortgagees assume they will do. Also, the defendant did "take" the vehicle, and certainly all mortgagees of mortgaged vehicles contemplate and permit the mortgagors to take the vehicle. Of course, an automobile is disposable property by its nature because the use of it may eventually reduce it to junk. The record in this case, however, reflects that the defendant did not "dispose" of the property within the meaning of section 2(3). See also 1965 Perm. Supp., C.R.S. 1963, 40-26-3 and 4.

Although the defendant made no real effort to keep the seller advised of his whereabouts, he did, at all times, have a Colorado address and licensed the automobile each year it was in his possession in Colorado, and, in fact, in Weld County. It was not shown that he attempted to dispose of the car by sale or in any way, other than by using it. He took and drove the automobile with the consent of the seller and with its knowledge that the automobile would be driven outside Weld County. The only disposition he made of the automobile was to use it; and under the circumstances in this case, such use is not a disposition that will support a criminal conviction. The record discloses no evidence to establish beyond a reasonable doubt that the defendant intended to deprive the mortgagee of its property — an essential element of the statutory offense. Indeed, the trial court erred in failing to direct a verdict in favor of the defendant at the conclusion of the People's case or at the conclusion of all evidence.

The judgment is reversed and the cause remanded with directions to discharge the defendant.

Mr. Justice Day, Mr. Justice Hodges, and Howard E. Purdy, District Judge,* concur.